IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3239-FL

| | |
|---|---|
| KOFFI M. GBIKPI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| FDA COMMISSIONER, FEDERAL ) | |
| TRADE COMMISSION, PFIZER- ) | |
| PHARM, ACTAVIS, JANSSEN- ) | |
| PHARMACUETICALS, and FMC- ) | |
| BUTNER, ) | |
| ) | |
| Defendants. ) | |

Plaintiff filed this civil rights action *pro se* pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court are plaintiff's motion to initiate discovery (DE 9) and motion to issue summons (DE 10).

Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although

frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff, a federal pretrial detainee, brings this Bivens action against the Federal Trade Commission ("FTC"), the Food and Drug Administration ("FDA") Commissioner, Pfizer-Pharm, Actavis, Janssen-Pharmacueticals, and the Federal Medical Center in Butner, North Carolina. Plaintiff asserts that defendants acted with deliberate indifference to his serious medical needs in violation of the Fourteenth Amendment to the United States Constitution. Specifically, plaintiff alleges that he suffers serious side effects from taking the medications generic Risperidone and Hydrochlorothiazide. Plaintiff also asserts that Butner staff failed to timely provide him information regarding the side effects of these medications. As relief, plaintiff seeks $1,000,000.00 in compensatory damages.

The court begins with plaintiff's claim against the FTC. Plaintiff states that "[i]t is [] well establish[ed] that FTC responsibility is to make sure that [Risperidone and Hydrochlorothiazide] are safer to public health before sign any trade agreement with them. In this case FTC [] failed to do so." (Compl. p. 3.) The FTC is a government agency. The federal government and its agencies are not subject to suit absent a waiver of sovereign immunity. Loeffler v. Frank, 486 U.S. 549, 554 (1988); Global Mail Ltd. v. U.S. Postal Service, 142 F.3d 208, 210 (4th Cir. 1998) (federal governmental entity entitled to sovereign immunity unless Congress waives that immunity and consents to suit.) The federal government has not waived its immunity for suits brought pursuant

2

to Bivens. See F.D.I.C. v. Meyer, 510 U.S. 471, 484-86 (1994); Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002) ("[A] Bivens action does not lie against either agencies or officials in their official capacity.") (emphasis omitted). Thus, plaintiff's action against the FTC is DISMISSED without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The court now turns to plaintiff's Fourteenth Amendment claim against the FDA Commissioner. Courts evaluate confinement conditions of pretrial detainees under the due process clause of the Fourteenth Amendment, rather than under the Eighth Amendment. See, e.g., Bell v. Wolfish, 441 U.S. 520, 534 n.16 (1979). As a practical matter, the analysis under the due process clause and the analysis under the Eighth Amendment is materially indistinguishable. See, e.g., Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999); Riley v. Dorton, 115 F.3d 1159, 1166–67 (4th Cir. 1997) (en banc), abrogated on other grounds by Wilkins v. Gaddy, 130 S. Ct. 1175 (2010) (per curiam). In order to establish a claim under the Eighth Amendment, a plaintiff must satisfy a two-pronged test consisting of an objective prong and a subjective prong. Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). To satisfy the objective prong, an inmate must show that "the deprivation of [a] basic human need was objectively sufficiently serious." Id. (alteration in original) (emphasis removed) (quotations omitted).

Assuming without deciding that plaintiff is able to satisfy the objective prong of the Eighth Amendment test, the court considers the second prong of the Eighth Amendment test–whether the FDA Commissioner acted with deliberate indifference. "Deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." See Farmer v. Brennan, 511 U.S. 825, 835 (1994). It requires that a prison official actually know of and disregard an objectively

3

serious condition, medical need, or risk of harm. Id. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). A disagreement between an inmate and a physician regarding the appropriate form of treatment does not state a claim for deliberate indifference. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Likewise, mere negligence or malpractice in diagnosis or treatment does not state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); Johnson, 145 F.3d at 168.

Plaintiff, in this case, alleges that "[i]t is well establish[ed] that FDA['s] responsibility is to make sure that the Drugs are less than dangerous before approval but [i]n this case, [the] FDA failed to make sure that these Drugs manufacturers companies comply with the current good drug manufacturing when is come to the combination of the products." (Compl. p. 3.) To the extent plaintiff seeks to hold the FDA Commissioner liable in this Bivens action for the side effects plaintiff experienced as a result of taking Risperidone and Hydrochlorothiazide, plaintiff fails to state a claim because plaintiff does not allege that the FDA Commissioner knew of and disregarded the potential side effects for these medications. See Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) ("In a Bivens suit, there is no respondeat superior liability."). Rather, as indicated by the patient medical information forms for both the medications Risperidone and Hydrochlorothiazide that plaintiff attached to his complaint, the potential side effects from the drug at issue are well documented and published. (Compl. Attach. 2.) Thus, plaintiff failed to state a claim, and this claim is DISMISSED without prejudice.

To the extent plaintiff seeks to hold the FDA Commissioner liable for the fact that plaintiff was not informed of the alleged risks of Risperidone and Hydrochlorothiazide while he was taking them at Butner, plaintiff again fails to state a claim. Specifically, the FDA Commissioner was not involved the prescription of these medications at Butner, nor was the FDA Commissioner involved

4

with the distribution of these medications to plaintiff at Butner. Therefore, plaintiff has not sufficiently alleged the subjective element of his Eighth Amendment deliberate indifference claim, and plaintiff has failed to state an Eighth or Fourteenth Amendment claim against the FDA Commissioner, and this claim is DISMISSED without prejudice.

As to defendants Pfizer-Pharm, Actavis, and Janssen-Pharmaceuticals, it appears that plaintiff seeks to hold these corporate defendants liable pursuant to Bivens on the grounds that these companies manufactured the medications Risperidone and Hydrochlorothiazide, which allegedly caused plaintiff's serious side effects. Specifically, plaintiff alleges "[i]t is also well establish[ed] that all the listed manufacturers companies has each one of them the full responsibility to make sure that the combination of the drugs are safer to the public health, but in this case they failed." (Compl. p. 3.) It is clear that plaintiff has failed to state a cognizable claim against the corporate defendants, who are private corporations, under Bivens. See Correctional Services Corp. v. Malesko, 534 U.S. 61, 71 (2001); see Holly v. Scott, 434 F.3d 287, 294 (4th Cir. 2006); Gantt v. Security USA, 356 F.3d 547, 552 (4th Cir. 2004) (holding that because the defendant "is a private entity ... no Bivens claim lies against the company," and the district court properly dismissed the constitutional claim against as a matter of law). Therefore, plaintiff failed to state a Bivens claim against the corporate defendants.

Plaintiff also brings this Bivens action against the Federal Medical Center in Butner, North Carolina ("FMC-Butner"). "Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit." Preval v. Reno, No. 99-6950, 2000 WL 20591,*1 (4th Cir. Jan. 13, 2000); see also, DeBerry v. Gilmer, No. 5:10cv6, 2010 WL 3937956, at *5 (N.D. W. Va. Sept. 3, 2010) ("[L]ike § 1983, a Bivens action is directed at persons acting in their individual capacities.

5

FCI–Gilmer is clearly not a person for purposes of Bivens liability.") (citation omitted). Therefore, plaintiff's claim against FMC-Butner is DISMISSED without prejudice for failure to state a claim.

Finally, the court turns to plaintiff's contention that Butner staff failed to warn him of the alleged side effects of Risperidone and Hydrochlorothiazide. As stated, a constitutionally significant claim of being denied medical treatment requires a showing of each defendant's deliberate indifference to a sufficiently serious and obvious medical need. See Estelle, 429 U.S. at 105–06 (a cognizable constitutional claim in the medical context requires allegations of acts or omissions sufficiently harmful to evidence deliberate indifference to a serious medical need). Allegations of medical malpractice, such as the alleged failure to fully warn plaintiff of the side effects of his medication, are insufficient to state a constitutional claim. Id.; see Fishback v. Department of Public Safety and Correctional Services, No. JFM-07-1883, 2008 WL 7730383, at *1, n.5 (D. Md. Sept. 17, 2008), aff'd 325 F. App'x 188 (4th Cir. May 8, 2009); Pabon v. Wright, 459 F.3d 241, 250 (2nd Cir. 2006) ("[I]nadvertent failures to impart medical information cannot form the basis of a constitutional violation."); see also, Hutchinson v. Razdan, No. 11-20159-Civ-COHN, 2013 WL 811882, at *7 (S.D. Fla. Jan. 29, 2013) ("A claim regarding lack of informed consent without more is one of medical negligence, not deliberate indifference and . . . negligent conduct . . . does not rise to the level of a constitutional violation."), aff'd, 561 F. App'x 795 (11th Cir. 2014). Because plaintiff has failed to allege that any member of Butner's staff knew of and disregarded any risk to plaintiff, this claim is DISMISSED without prejudice.

In summary, plaintiff's action is DISMISSED without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). See Cosner v. Dodt, 526 F. App'x 252, 254 (4th Cir. 2013) ("Had Cosner's complaint been dismissed without prejudice, he would have been able to construct

6

a new complaint with these facts, and perhaps others."). Because the court has dismissed plaintiff's action, plaintiff's motion to initiate discovery (DE 9) and motion to issue summons (DE 10) are DENIED as MOOT.

SO ORDERED, this the 11th day of May, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge